[No. 26464. Department Two. April 15, 1937.]

R. D. BRADLEY, *Appellant*, v. DOROTHY BRADLEY, *Respondent*.[1]

*Wilmont W. Garvin,* for appellant.

*Clyde H. Belknap,* for respondent.

TOLMAN, J.—This is an appeal from an order, made in a pending suit for divorce, adjudging the appellant to be in contempt of court for failure to pay, or provide for the payment of, the expense of a surgical operation which it was found that it was necessary for the defendant wife to undergo.

No statement of facts is brought to this court, and therefore there are no issues of fact to be here decided.

It appears from the transcript that appellant, as plaintiff, brought the present action for divorce on March 20, 1936, alleging in his complaint:

[1]Reported in 66 P. (2d) 871.

"On or about the 28th day of August, 1935, plaintiff began an action for divorce in the superior court of this county, and on the 17th day of October, 1935, an interlocutory order of divorce was granted plaintiff.

"Between the 15th day of November, 1935, and the 4th day of March, 1936, plaintiff and defendant cohabited together and resumed the marital relationship."

These allegations were admitted by the answer and cross-complaint, and the cross-complaint sets up that the defendant is seriously ill, in need of a surgical operation and entirely without funds with which to pay for the same, or even to provide support for herself and her minor children.

On April 3, 1936, the court made an order directing the appellant to pay temporary alimony of twenty-five dollars per month and fifty dollars, in installments, on account of the wife's attorney's fees. On May 25, 1936, the following order was entered:

"On this 25 day of May, 1936, this cause came regularly on for hearing by the court on order to show cause why plaintiff should not be adjudged in contempt for failure to pay alimony as provided by order made and filed Apr. 3, 1936, and why plaintiff should not be required to provide for expense of surgical operation required by defendant and after hearing said order to show cause and motion and the argument of counsel and the court being fully advised in the premises, It is by the court—

"ORDERED, That said plaintiff be, and he is hereby purged of contempt provided he pay the balance of the payment of $25 now in arrears on or before the 30th day of May, 1936, and plaintiff shall hereafter have until the 30th day of each month hereafter to make subsequent monthly payments provided by said order dated April 3, 1936. And plaintiff is further ordered to arrange forthwith for the expense of the surgical operation required by defendant including charges of Dr. Countryman and hospital charges."

On June 10th following, a show cause order issued requiring the appellant to show cause why he should not be punished for contempt because of his failure to comply with the latter part of the order of May 25th, above set out.

On June 19th following, after a hearing upon the show cause order, the trial court entered its order reciting that the matter had been heard upon affidavits and upon oral evidence; that appellant was able, if he so desired, to make satisfactory arrangements for the costs of the operation upon his wife, and,

"Now THEREFORE, It Is HEREBY ORDERED AND AD-JUDGED that the said plaintiff is able to comply with the order of the court made May 25, 1936, requiring him to arrange forthwith for the expense of a surgical operation required by defendant, including charges of Dr. Countryman and hospital charges, that he has wilfully failed and refused to comply with said order, and is now in contempt of court by reason thereof.

"It Is FURTHER ORDERED that execution issue against his body, and that he be confined in the Spokane county jail until he shall have purged himself of contempt by compliance with said order on file herein made and entered on May 25, 1936, requiring him to arrange forthwith for the expense of a surgical operation required by defendant, including charges of Dr. Countryman and hospital charges."

This is the order from which the appeal was taken.

The appellant seems to contend that the order appealed from is erroneous because, as he now says, there was an interlocutory decree in the first action for divorce, which is mentioned in his complaint in this action, which fully adjudicated the property rights of the husband and wife; and that the statute, Rem. Rev. Stat., § 988, as amended by chapter 112, Laws of 1933, p. 432 (Rem. Rev. Stat. (Sup.), § 988 [P. C. § 7507]), makes such an adjudication final and conclusive, subject to the right of appeal only.

The answer to this contention seems to be at least three fold.

(1) There is nothing in the record before us and nothing of which we can take judicial notice which in any way indicates that there was any adjudication of property rights in the first action.

(2) This appeal is not from the order of May 25, 1936, which directed the appellant to pay or provide for the expense of the operation. That order, not appealed from, cannot be reviewed here. This appeal is from the order adjudging the appellant to be in contempt of court and directing his confinement until purged of contempt.

We must on this appeal accept the order of May 25, 1936, as a correct adjudication of the question there involved; and, of course, when we do that, we must also hold that the court, having properly adjudicated the matter of the cost of the operation for the wife and directed the appellant to provide that cost, had the power and it was its duty to enforce that order by contempt proceedings, if necessary.

The third reason why appellant's assignments of error are not well taken is this: If we were to assume that there was an interlocutory decree in the first action adjudicating the property rights of parties (which, of course, we cannot), and if we were to assume that an appeal had been taken from the order of May 25, 1936, directing appellant to provide means for the operation, even then we should be obliged to hold that there was no former adjudication; because the order of May 25th is not an adjudication of property rights, but is an order providing an allowance in the nature of temporary alimony or suit money and nothing more. No judgment in a former case which did not dissolve the marriage relation could, so far as we now see, be *res judicata* on the question of tempo-

rary alimony or suit money in a subsequent action brought to dissolve the marital tie.

The judgment must be, and it is, affirmed.

STEINERT, C. J., HOLCOMB, BEALS, and ROBINSON, JJ., concur.